### CITIZENS & SOUTHERN BANK v. BLOUNT *ET AL.*

#### (125 S. E., 420)

FRAUDULENT CONVEYANCES—FINDING THAT MOTHER'S MORTGAGES TO
   DAUGHTERS WERE EXECUTED WHEN INSOLVENT TO DEFRAUD CRED-
   ITORS, SUSTAINED.—In action involving validity of mortgages from
   mother to daughters, claimed to have been executed by her to se-
   cure her indebtedness to them for rent of lands apportioned to
   daughters in partition proceedings, and in which action it was al-
   leged such mortgages were void under the Statute of Elizabeth,
   evidence *held* to sustain finding that mortgages were executed at
   time when mother was insolvent, to hinder, defeat, and defraud her
   creditors, and that daughters participated in such intent.

Before SEASE, J., Allendale, July, 1923.    Affirmed.

Action by the Citizens & Southern Bank against Riah

---

Note: On effect of relationship to show participation by creditors
in debtor's fraudulent intent, see Note in 31 L. R. A., 645.

H. Blount, Gussie D. Blitchington and others. From decree adverse to named defendants, they appeal.

This is an action to foreclose a mortgage given by Mrs. E. D. Blount to J. P. Doughty, in which the defendants, Gussie D. Blitchington and Riah H. Blount, who are daughters of Mrs. Blount, were made parties defendants as holders of subsequent mortgages which they seek to foreclose in this action. The plaintiff and defendants, other than Mrs. Blount and her two daughters, claimed that the subsequent mortgages to the daughters were void under the Statute of Elizabeth, because made with intent to hinder, delay, and defraud Mrs. Blount's creditors at a time when mother was insolvent. The Special Master found the mother was insolvent at the time of the execution of the mortgages to the daughters, that her purpose in executing mortgages was to hinder, delay and defraud her creditors and that her daughters participated in such intent. The lower Court concurred in the findings of the Master and held the mortgages void.

The testimony showed that the daughters resided with the mother on the farm; that mother was heavily in debt; that her funds had been exhausted by rains and by the boll weevil; and that creditors were pressing her. One of the daughters testified that cotton fell in price; and that her mother kept falling more and more in debt; that she knew about her mother's financial difficulties; that her mother wanted to protect her (the daughter), by giving her mortgage. The daughters testified that the mother owed them for rent following partition on father's death; that only agreement as to payment of rent was oral; and that mother maintained and supported them. One daughter testified that she kept her mother's books, and the other testified that she knew of the suits against the mother, and of mother's indebtedness. Letters from the mother to her creditors announcing her definite purpose to see that they would receive nothing on their respective demands, and asserting

her purpose to accomplish that result, were introduced in evidence.

*Mr. S. G. Mayfield,* for appellant, cites: *Rule as to rebutting presumptions of fraud in dealings between near kindred:* 1 Cheves Eq., 103; 105 U. S., 614; Vol. I, Moore on Facts, 516. *"Bona fides" is a question of fact:* 44 S. C.,183. *Honest debt sustains deed or mortgage:* 59 S. C., 509; 28 S. C., 442; 64 S. C., 362; 10 Rich. Eq., 441; Rice. Eq., 300; 56 S. C., 169. *Demurrer:* 56 S. C., 457; 81 S. C., 391; 89 S. C., 428. *Testimony:* 22 C. J., 906, Sec. 1109; 76 S. C., 446; 35 S. C., 306.

*Messrs. H. L. O'Bannon* and *Chas. Carroll Simms,* for respondent.

November 13, 1924.

The opinion of the Court was delivered by MR. JUSTICE MARION.

After a careful review and analysis of the evidence and mature consideration thereof, in the light of our decisions (see, especially, *Miller v. Erwin,* 125 S. E., 36, recently filed), we cannot hold that the showing made by appellants warrants a reversal of the concurrent findings of fact and conclusions of law of the Special Master and Circuit Judge.

For the reasons therein stated, the decree of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS, FRASER and COTHRAN concur. MR. CHIEF JUSTICE GARY did not participate.